MILLS SADAT DOWLAT LLP
Arash Sadat (SBN 279282)
Camron Dowlatshahi (SBN 308618)
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
Tel.:   (213) 628-3856
Email: arash@msdlawyers.com
Email: camron@msdlawyers.com

Attorneys for Plaintiff Lori Loveland
and the Putative Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI LOVELAND, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-06142-VC<br>Assigned to: Hon. Vince Chhabria<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: July 25, 2024<br>Trial Date: None Set |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

THE PARTIES..................................................................................................................... 3

    A.   Plaintiff ................................................................................................................ 3

    B.   Defendants ........................................................................................................... 3

VENUE AND JURISDICTION ......................................................................................... 4

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION........................................ 5

CAUSES OF ACTION ..................................................................................................... 11

PRAYER FOR RELIEF ................................................................................................... 19

1     Plaintiff Lori Loveland ("Plaintiff"), individually, and on behalf of all others similarly

2  situated, for her First Amended Complaint against Defendants Home Depot U.S.A., Inc. and Does

3  1 through 10, inclusive (collectively, "Defendants"), alleges as follows:

4                                    **INTRODUCTION**

5     1.     Plaintiff brings this action against Defendants for violations of the California Labor

6  Code and unfair business practices resulting from Defendants' failure to pay overtime and double

7  time compensation, failure to provide meal periods, failure to authorize and permit rest periods,

8  failure to maintain accurate records of hours worked and meal periods, failure to timely pay all

9  wages to terminated employees, and failure to furnish accurate wage statements.

10    2.     These causes of action arise out of Defendants' misclassification of Plaintiff and

11 other Assistant Store Managers as exempt, salaried employees.  Defendants' Assistant Store

12 Managers spent well in excess of half of their working hours performing the work of their non-

13 exempt subordinates.  This work included walking the sales floor, sweeping and cleaning their

14 departments, scanning merchandise, and taking out trash.  Defendants' management—including

15 Store Managers, District Managers, and Regional Managers—in numerous meetings with

16 Assistant Store Managers referred to this mandate as "getting down and dirty with your

17 associates."  Tellingly, when Defendants wrongfully terminated Plaintiff in 2023, they cited

18 Plaintiff's alleged failure to perform tasks such as "daily sweeping," "shelf maintenance," "putting

19 away go carts," and emptying trash.  Plaintiff worked at three locations during her 10-year tenure

20 with Defendants and was subject to the same working conditions at each store.

21    3.     These conditions became more pronounced during the COVID-19 pandemic, when

22 many Assistant Store Managers were required to work in excess of 60 hours per week due to

23 associate absences and because Defendants began paying double pay for overtime hours worked

24 by hourly associates.  As a cost-saving measure, the work of Defendants' non-exempt associates

25 was further shifted to Assistant Store Managers, who—as a result of their misclassification—were

26 not paid overtime or double time wages regardless of the number of hours they worked, were not

27 provided meal and rest breaks periods in accordance with California law, received no premium pay

28

wages for missed meal and rest breaks, were not provided with accurate wage statements during their employment, and were not paid all wages due upon separation of employment.

4.     Plaintiff brings each of the causes of action alleged in this First Amended Complaint individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by Defendants in California as salaried Assistant Store Managers from July 25, 2020 through the present (the "Class Period").

5.     Defendants own and operate a business in the State of California, including in Contra Costa County. As such, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business and Professions Code.

6.     Despite these requirements, throughout the Class Period, Defendants maintained a systematic, company-wide policy and practice of:

a.     Failing to pay Class Members for all hours worked, including overtime wages in compliance with the California Labor Code and IWC Wage Orders;

b.     Failing to provide Class Members with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

c.     Failing to authorize and permit Class Members to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

d.     Willfully failing to pay overtime and double time wages, meal period premium wages, and rest period premium wages within the time period specified by California law when employment terminates;

e.     Failing to maintain accurate records of the hours that Class Members worked; and

f.      Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

7.      Plaintiff is informed and believes and, on that basis, alleges that Defendants were on actual and constructive notice of the unlawful conduct alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

8.      At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

## THE PARTIES

### A.      Plaintiff

9.      Plaintiff Lori Loveland ("Plaintiff") is an individual residing in the County of Stanislaus, California and worked as an Assistant Store Manager from on or about October 21, 2013 to May 16, 2023.  Defendants misclassified Plaintiff as an exempt employee despite the fact that Plaintiff spent over 50 percent of her working hours performing non-exempt job duties.

10.      Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish additional suitable class representatives.

### B.      Defendants

11.      Defendant Home Depot U.S.A., Inc ("Defendant") is:

a.      A Delaware corporation with its principal place of business in Atlanta, Georgia that conducts business in numerous counties throughout the State of California, including in Contra Costa County; and

b.      The former employer of Plaintiff and the current or former employer of all Class Members.  Defendant suffered and permitted Plaintiff and Class Members to work and controlled their wages, hours, and working conditions.

//

3

12. Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by said defendants' conduct.

13. At all times mentioned herein, the defendants named as Does 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California. Plaintiff is informed and believes and thereon alleges that at all relevant times each such defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each such defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each such defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## **VENUE AND JURISDICTION**

14. The wrongful conduct alleged against Defendants occurred in the County of Contra Costa, California. At all times relevant hereto, the conduct at issue was part of a continuous and ongoing pattern of behavior.

15. This Court is the proper forum to adjudicate this action because the wrongful acts that are the subject of this action occurred here.

**<u>GENERAL ALLEGATIONS</u>**

16.     During the Class Period, Plaintiff was a non-exempt employee, but Defendants misclassified Plaintiff as an exempt employee and paid her a salary to avoid paying her overtime and double time wages and to avoid complying with other requirements imposed by the California Labor Code and IWC Wage Orders.

17.     Throughout the Class Period, Defendants failed to pay Plaintiff for all hours worked, failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

18.     Throughout the Class Period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked.  Defendants failed to incorporate all remuneration when calculating the correct rate of pay and meal and rest break premium rate of pay, leading to underpayment to Plaintiff and the Class.

19.     In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

20.     Throughout the Class Period, Defendants wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants required Plaintiff and the Class to work in excess of five consecutive hours a day without providing timely 30-minute, continuous and uninterrupted, duty-free meal periods for every five hours of work and without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Accordingly, Defendants' policy and practice regarding meal periods violated California law.

21.     Throughout the Class Period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants required

Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods.

22.    Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

23.    Throughout the Class Period, Defendants willfully failed and refused to timely pay Plaintiff and the Class during and at the conclusion of their employment all wages, including overtime wages, double time wages, meal period premium wages, and rest period premium wages.

24.    Throughout the Class Period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code section 226(a), the Plaintiff and the Class suffered injury because, among other things:

a.    The violations led them to believe that they were not entitled to be paid overtime wages, double time wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled to such wages;

//

//

b.      The violations led them to believe they were not entitled to be paid meal period premium wages and rest period premium wages at the correct California rate even though they were;

c.      The violations led them to believe they had been paid all wages due to them, even though they were not;

d.      The violations hindered them from determining the amounts of overtime wages, meal period premium, and rest period premium owed to them;

e.      In connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

f.      By understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits; and

g.      The wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled, entitling them to recover the amounts provided for in California Labor Code section 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings her claims individually and on behalf of all other persons similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23. The proposed Class consists of and is defined as:

> All persons who worked for Defendants in California as salaried Assistant Store Managers from July 25, 2024 through the date when notice to the Class is sent.

26.    At all material times, Plaintiff was a member of the Class.

27.    Plaintiff prosecutes this action to improve the wages and working conditions of all Class Members.

28.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

a.    <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time but is estimated to be greater than 100 individuals. The identity of such membership is readily ascertainable by inspection of Defendants' records.

b.    <u>Commonality and Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c.    <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.    The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

ii.    The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

iii.    The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

iv.    The difficulties likely to be encountered in the management of a class action.

e.    <u>Public Policy Considerations:</u> The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights and keeps their privacy protected.

29.    There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

a.    Failed to pay Class Members for all hours worked, including overtime and double time wages;

b.    Failed to provide meal periods and pay meal period premium wages to Class Members;

c.    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

d.    Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

e.    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed; and

f.    Violated California Business and Professions Code section 17200 *et. seq.* as a result of unlawful conduct described herein.

30.    This Court should permit this action to be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because:

a.    The questions of law and fact common to the Class predominate over any question affecting only individual members;

b.    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

c.      The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

d.      Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

e.      There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

f.      Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

i.      Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

ii.      Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

g.      Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

31.      Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of this action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, email notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

//

**first CAUSE OF ACTION**

**Failure to Provide Overtime Compensation (Cal. Lab. Code §§ 510, 1194, 1198)**

(Against All Defendants)

32.    Plaintiff incorporates all preceding paragraphs of this First Amended Complaint as though set forth fully herein.

33.    California Labor Code section 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

34.    California Labor Code sections 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code section 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

35.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

36.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code sections 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

37.    For example, in January 2021, Defendant required Plaintiff to work after store closing.  Plaintiff worked from approximately 6:00 p.m. to 11:00 p.m. post-closing, sweeping the store, doing cart walks, taking out trash, and performing other non-exempt tasks. These additional five hours per day resulted in Plaintiff working over eight hours per day and over 60 hours per week in January 2021.

38.    Despite performing non-exempt tasks such as those identified above for more than half of her working hours, Plaintiff was not paid overtime wages.  Instead, because Defendants willfully misclassified them as exempt, Plaintiff and the Class were only paid their salary.

39.     By virtue of Defendants' unlawful failure to pay overtime compensation to the Plaintiff and the Class for their hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

40.     By failing to keep adequate time records required by California Labor Code section 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

41.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and other statutes.

42.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code section 204.

## SECOND CAUSE OF ACTION

**Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against All Defendants)

43.     Plaintiff incorporates all preceding paragraphs of this First Amended Complaint as though set forth fully herein.

44.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of IWC Wage Orders.

45.     California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

46.     Section 11 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

47.     California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

48.     Defendants knowingly failed to provide Plaintiff and the Class with meal periods as required by law.  Defendants also failed to provide Plaintiff and the Class with any payment of

meal premiums. Plaintiff and the Class are entitled to be paid one hour of premium wages for each workday he or she was not provided with all required meal break(s), plus interest thereon.

49.     For example, in January 2021, and throughout the Class Period, Defendants misclassified Plaintiff as an exempt employee and did not provide Plaintiff with meal periods in accordance with California law, as set forth above.  Moreover, due to staffing shortages, particularly among Associates, Plaintiff was required to perform not only her job duties as Assistant Manager, but also the job duties of Associates (her subordinates).  During this time period and others, Plaintiff was forced to work through her lunch and Defendants failed to pay premium pay wages to Plaintiff for this missed meal period.

50.     Plaintiff and the Class have therefore been damaged and are entitled to payment of the meal period premiums as provided by law.

## **THIRD CAUSE OF ACTION**

**Failure to Provide Rest Periods (Cal. Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against All Defendants)

51.     Plaintiff incorporates all preceding paragraphs of this First Amended Complaint as though set forth fully herein.

52.     Section 12 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

> Every employer shall authorize and permit all employees to take rest
> periods, which insofar as practicable shall be in the middle of each
> work period. The authorized rest period time shall be based on the
> total hours worked daily at the rate of ten (10) minutes net rest time
> per four (4) hours or major fraction thereof. However, a rest period
> need not be authorized for employees whose total daily work time
> is less than three and one-half (3 ½) hours. Authorized rest period
> time shall be counted, as hours worked, for which there shall be no
> deduction from wages. If an employer fails to provide an employee
> a rest period in accordance with the applicable provisions of this

Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

53.     California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

54.     Defendants knowingly failed to provide Plaintiff and the Class with rest periods as required by law, and knowingly failed to authorize and permit Plaintiff to take rest periods as required by law.  Defendants also failed to provide Plaintiff and the Class with any payment of rest premiums.  Plaintiff and the Class are entitled to be paid one hour of premium wages for each workday he or she was not provided with all required rest break(s), plus interest thereon.

55.     For example, in January 2021, and throughout the Class Period, Defendants misclassified Plaintiff as an exempt employee and did not provide Plaintiff with rest periods in accordance with California law, as set forth above.  Moreover, due to staffing shortages, particularly among Associates, Plaintiff was required to perform not only her job duties as Assistant Manager, but also the job duties of Associates (her subordinates).  During this time period and others, Plaintiff was forced to work for a period in excess of six hours without taking a rest break.  Defendants failed to pay premium pay wages to Plaintiff for this missed rest period.

56.     Plaintiff and the Class have therefore been damaged and are entitled to payment of the meal and rest period premiums as provided by law.

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties (Cal. Lab. Code §§ 201-203)

(Against All Defendants)

57.     Plaintiff incorporates all preceding paragraphs of this First Amended Complaint as though set forth fully herein.

58.     California Labor Code sections 201 and 202 require an employer to pay its employees all wages due immediately upon discharge or within 72 hours of resignation.  This requirement applies to unpaid overtime wages.  California Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

59.     As set forth above, Defendants failed to pay Plaintiff and the Class overtime wages, double time wages, and premium pay wages for over 30 days from the time such wages should have been paid under the Labor Code.

60.     Plaintiff ceased working for Defendants on May 16, 2023. To date, she has not received her earned and owed overtime wages and meal and rest break premiums.

61.     As a result of Defendants' willful failure to pay owed wages upon separation from employment, Plaintiff and the Class have been harmed and Defendants are liable for statutory waiting time penalties pursuant to California Labor Code section 203.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements (Cal. Lab. Code § 226)

(Against All Defendants)

62.     Plaintiff incorporates all preceding paragraphs of this First Amended Complaint as though set forth fully herein.

63.     California Labor Code section 226(a) requires employers to provide employees, semi-monthly or at the time of each payment of wages, with a statement that accurately reflects certain itemized information including total number of hours worked.

64.     Defendants knowingly and intentionally failed to furnish Plaintiff and the Class with timely and accurate wage statements that accurately reflected the total number of hours worked and wages earned, as required by California Labor Code section 226.

65.     For example, in January 2021, Defendant required Plaintiff to work after store closing.  Plaintiff worked from approximately 6:00 p.m. to 11:00 p.m. post-closing, sweeping the store, doing cart walks, taking out trash, and performing other non-exempt tasks. These additional

five hours resulted in Plaintiff working over eight hours per day and over 60 hours per week in January 2021.  Moreover, as described above, Plaintiff was not provided, and did not take, multiple meal and rest periods during this time and Defendants failed to pay premium pay wages for these missed breaks.  Plaintiff's pay stubs during this time period and throughout her employment did not correctly state, among other things, her total number of hours worked, her overtime hours or wages earned, her double time hours or wages earned, and did not identify premium pay wages to which she was entitled.

66.     As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiff and the Class suffered actual damages and harm by being unable to determine the amount of overtime worked each pay period in a timely manner, which prevented them from asserting their rights under California law.

67.     Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of the California Labor Code and related laws and regulations.

68.     Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a).

69.     Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to Labor Code section 226(h).

## SIXTH CAUSE OF ACTION

### Violation of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)

(Against All Defendants)

70.     Plaintiff incorporates all preceding paragraphs of this First Amended Complaint as though set forth fully herein.

//

//

71.    California Business and Professions Code section 17200, *et seq.* ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice."  Defendants have engaged in unlawful activity as follows:

a.    Violations of California Labor Code sections 510, 1194, and 1198 for failure to pay overtime wages;

b.    Violations of California Labor Code sections 226.7 and 512 and IWC Wage Orders for failure to provide meal periods and rest breaks and failure to provide premium pay for missed meal and rest periods;

c.    Violations of California Labor Code section 226(a) for failure to provide accurate wage statements; and

d.    Violations of California Labor Code sections 201-203 for failure to pay accrued wages upon separation of employment.

72.    Defendants have violated the unfair prong of the UCL because the acts and practices set forth herein offend established public policies concerning employee rights—including the right to receive payment of all wages due for all hours worked.  Defendants' willful misclassification of a substantial portion of its California workforce is immoral, unethical, oppressive, and injurious to employees. The harm that these acts and practices cause greatly outweighs any benefits associated with them.

73.    Defendants' willful misclassification of its employees was designed to deceive, and indeed, did deceive, reasonable members of the public, including Plaintiff.

74.    By and through their unfair, unlawful, and fraudulent business practices described herein, Defendants have received valuable services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

75.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

76.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the

Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

77.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

78.    Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

79.    If Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance, and other withholdings.

80.    Pursuant to the UCL, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint, a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action under Federal Rule of Civil Procedure 23;

1      2.      That Plaintiff be appointed as the representatives of the Class; and

2      3.      That counsel for Plaintiff be appointed as Class Counsel.

3                          As to the First Cause of Action

4      4.      That the Court declare, adjudge and decree that Defendants violated California

5              Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully

6              failing to pay all overtime wages due;

7      5.      For general unpaid wages at overtime wage rates as may be appropriate;

8      6.      For pre-judgment interest on any unpaid overtime compensation commencing from

9              the date such amounts were due;

10     7.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

11             California Labor Code section 1194, subdivision (a); and,

12     8.      For such other and further relief as the Court may deem equitable and appropriate.

13                         As to the Second Cause of Action

14     9.      That the Court declare, adjudge and decree that Defendants violated California

15             Labor Code sections 226.7 and 512, and the IWC Wage Orders;

16     10.     For unpaid meal period premium wages as may be appropriate;

17     11.     For pre-judgment interest on any unpaid compensation commencing from the date

18             such amounts were due;

19     12.     For reasonable attorneys' fees under California Code of Civil Procedure section

20             1021.5, and for costs of suit incurred herein; and

21     13.     For such other and further relief as the Court may deem equitable and appropriate.

22                         As to the Third Cause of Action

23     14.     That the Court declare, adjudge and decree that Defendants violated California

24             Labor Code sections 226.7 and 512, and the IWC Wage Orders;

25     15.     For unpaid rest period premium wages as may be appropriate;

26     16.     For pre-judgment interest on any unpaid compensation commencing from the date

27             such amounts were due;

28

17.    For reasonable attorneys' fees under California Code of Civil Procedure section 1021.5, and for costs of suit incurred herein; and

18.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

19.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

20.    For statutory wage penalties pursuant to California Labor Code section 203 for former employees who have left Defendants' employ;

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

22.    For reasonable attorneys' fees under California Labor Code section 218.5 and for costs of suit incurred herein; and

23.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

24.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226, subdivision (a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

25.    For penalties and actual damages pursuant to California Labor Code section 226, subdivision (e);

26.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226, subdivision (h);

27.    For reasonable attorneys' fees and for costs of suit incurred herein; and

28.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

29.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code section 17200, *et seq*. by failing to pay wages for all

21

1  hours worked, failing to provide meal periods, failing to maintain accurate records

2  of meal periods, failing to authorize and permit rest periods, and failing to maintain

3  accurate records of all hours worked and meal periods, failing to furnish accurate

4  wage statements, and for all violations of law alleged in this First Amended

5  Complaint;

6  30.  For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment

7  interest from the day such amounts were due and payable;

8  31.  For the appointment of a receiver to receive, manage and distribute any and all

9  funds disgorged from Defendants and determined to have been wrongfully acquired

10  by Defendants as a result of violations of California Business and Professions Code

11  section 17200, *et seq.*;

12  32.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to

13  California Code of Civil Procedure section 1021.5;

14  33.  For injunctive relief to ensure compliance with this section, pursuant to Business &

15  Professions Code section 17200, *et seq.*; and,

16  34.  For such other and further relief as the Court may deem equitable and appropriate.

17  <u>As to All Causes of Action</u>

18  35.  For any additional relief that the Court deems just and proper.

19

20  Dated:  October 18, 2024                    MILLS SADAT DOWLAT LLP

21

22                                       By: _____

23                                           Arash Sadat

24                                       Attorneys for Plaintiff Lori Loveland
                                         and the Putative Class

25

26

27

28