UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI LOVELAND,<br><br>        Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | Case No. 24-cv-06142-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

    The motion to dismiss is denied.

    1. *Wage and hour claims.* Home Depot argues that Loveland's wage-and-hour claims are barred by the statute of limitations. Loveland's first cause of action (unpaid overtime), second cause of action (meal break violations), and third cause of action (rest break violations) all have a three-year statute of limitations. *Ruiz v. Southwest Answering Service, Inc.*, No. 8:23-CV-01769-FWS-ADS, 2024 WL 2107729, at *3 (C.D. Cal. Mar. 29, 2024). Loveland pointed to a workweek in January 2021—more than three years before her complaint was filed in July 2024—to demonstrate the wage and hour violations she alleges.

    Home Depot's argument reads Loveland's complaint, and the Ninth Circuit's opinion in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir.2014), too narrowly. In *Landers*, the Ninth Circuit held that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." 771 F.3d at 644–45. As applied to alleged meal and rest break violations, plaintiffs must offer specific allegations about "at least one workweek in which [they] were personally deprived of [ ] breaks." *Boyack v. Regis Corp.*, 812 F.

App'x 428, 431 (9th Cir. 2020). While a plaintiff need not "allege specific dates," "at a minimum, [the allegations] must connect the dots between the employer's alleged policy and the employee's schedule." *Stewart-Alexander v. Saks & Company LLC*, No. 21-CV-02384-VC, 2021 WL 3201380, at *1 (N.D. Cal. July 29, 2021). This is intended to provide guidelines to establishing and evaluating the plausibility of wage and hour claims. *Landers*, 771 F.3d at 644–45 (discussing how, "with the pleading of more specific facts, the closer the complaint moves toward plausibility.").

Loveland has done what is required under *Landers*: She has pointed to a specific time period that helps establish the plausibility of her claims. She alleges that, in January 2021, she worked over forty hours in a week and missed meal and rest periods. And she connects those violations with Home Depot's ongoing policies and practices, which she contends continued throughout the Class Period. *See* Dkt. No. 14, First Amend. Compl. ¶¶ 2–4, 36–38, 49, 55. For example, she asserts that Home Depot's misclassification of Assistant Store Managers as overtime-exempt stemmed from management's policy that Assistant Store Managers do the work of their subordinates, such as "walking the sales floor, sweeping and cleaning their departments, scanning merchandise, and taking out trash," to reduce overtime pay for hourly associates. *Id.* at ¶ 2. She states that this policy was ongoing, even up to the time her employment was terminated, and that this policy was the reason for her overtime hours. *Id.* at ¶ 3. She also alleges that the misclassification and the policy requiring Assistant Store Managers to do the work of subordinates led to Loveland and the other members of the proposed class working through meal and rest periods, without being provided premium pay wages for those missed breaks. *Id.* at ¶¶ 49, 54–55.

It also bears recalling that a statute of limitations provides an affirmative defense, so courts should not dismiss lawsuits as time-barred at the pleading stage unless it's indisputable, from the allegations in the complaint itself, that the lawsuit is not timely. *United States ex rel. Air Control Technologies, Inc. v. Pre Con Industries, Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). That certainly can't be said about this complaint.

Home Depot points to *Stanley v. Distribution Alternatives, Inc.*, for the proposition that, when the plaintiff's exemplar workweek falls outside of the statute of limitations, the claim must be dismissed as untimely. *See* No. ED-CV-17-2173-AG, 2018 WL 6010357, at *2 (C.D. Cal. Feb. 26, 2018) (noting that the "specifically alleged violations, falling outside the statutory period, don't reveal a plausible claim. Only a barred one."). But for the reasons discussed in this ruling, the Court disagrees with *Stanley*'s use of *Landers* to dismiss a wage-and-hour claim based on the statute of limitations when the plaintiff has alleged a continuing policy.

2. *Derivative claims.* Home Depot argues that Loveland's fourth cause of action (waiting time penalties) and fifth cause of action (failure to provide complete and accurate wage statements) must be dismissed as derivative of Loveland's overtime and meal and rest period claims. Because Home Depot's motion to dismiss those claims is denied, this parallel challenge also fails. *See Cook v. Matrix Absence Management, Inc.*, 737 F. Supp. 3d 885, 891 (N.D. Cal. 2024).

3. *UCL claim.* Home Depot also contends that Loveland's UCL claim must be dismissed because Loveland failed to allege an inadequate remedy at law. Where legal remedies are adequate, federal courts lack equitable jurisdiction to consider the merits of a claim and reward equitable relief. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022).

But evaluating remedies is a fact-intensive question that, in most cases, will not be appropriate for resolution at the pleading stage. At the pleading stage, then, "a plaintiff need not explain in great detail why her legal remedies are insufficient; an allegation to that effect is generally enough." *In Re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1023 (N.D. Cal. 2024) (cleaned up). So the Court declines to consider whether Loveland has satisfied *Sonner* at this stage of the proceedings.

4. *Injunctive relief.* Home Depot's request to strike Loveland's request for injunctive relief is granted because she is no longer employed at Home Depot.

5. *Untimely wage payments*. Home Depot's request to strike Loveland's claim for

3

untimely payments under Labor Code section 204 is denied. Labor Code section 210, which provides for civil penalties for violations of section 204, was amended in 2019 to include a private right action for employees. *See* Cal. Lab. Code § 210(b) ("The penalty shall . . . be recovered by the employee as a statutory penalty"). In *Solis v. Gate Gourmet, Inc.*, this Court relied on *Johnson v. Hewlett-Packard Co.*, to hold that there was no private right of action for a section 204 claim. *See Solis v. Gate Gourmet*, No. 24-CV-01287-VC, 2024 WL 3184649, at *1 (N.D. Cal. June 26, 2024) (citing *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013). That was a mistake. *Johnson* was decided before the amendment of section 210 in 2019.

6. *Class allegations.* Home Depot's motion to strike the class allegations is denied as premature. In any event, the complaint gives rise to an inference that the alleged violations occurred on a class-wide basis and that class treatment could work.

7. *Appointment of a receiver.* Home Depot's request to strike Loveland's request for appointment of a receiver to manage any funds disgorged by Home Depot is an unnecessary waste of time and is therefore denied. The Court can decide at the end of the case what the appropriate remedy (if any) should be. And the presence in the complaint of a request for appointment of a receiver does not harm Home Depot in any way.

An initial case management conference will be scheduled for March 28, 2025, at 10:00 am on Zoom.

**IT IS SO ORDERED.**

Dated: March 10, 2025

VINCE CHHABRIA
United States District Judge