UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI LOVELAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　　Defendant. | Case No. 24-cv-06142-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART HOME DEPOT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 35 |

Home Depot's motion is denied as to Loveland's wage and hour claims for failure to provide overtime compensation, meal periods, and rest breaks. It is granted as to Loveland's waiting time and wage statement penalty claims and her UCL claim. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

**Exemption.** As discussed at the hearing, there is a genuine dispute of material fact as to the exemption defense raised by Home Depot. Loveland's deposition testimony could lead a reasonable jury to find that she spent most of her time performing non-exempt work due to chronic understaffing at the Turlock store. Loveland's testimony is corroborated by the declaration of Yolih Yonan, who worked alongside Loveland as an assistant store manager.[1] Of course, this is not the only, or even the best, interpretation of the record, but reasonable

---

[1] Home Depot makes several evidentiary objections that are premature at this point. For instance, Home Depot argues that evidence predating the statute of limitations for this case is not relevant or admissible. But evidence that is probative of Home Depot's continuing practices may be relevant, even if it discusses a time period that falls outside the period Loveland can claim damages for. But in any event, Home Depot can reraise these evidentiary objections pre-trial.

inferences about the work Loveland actually performed and the realistic requirements of her role could lead a jury to conclude that she was primarily engaged in non-exempt work, thus precluding a finding of executive exemption. *See* 8 C.C.R § 11070(1)(A)(1)(e).

**Good faith.** Home Depot is entitled to summary judgment on Loveland's waiting time and wage statement penalty claims because it has "presented an objectively reasonable defense that is not marred by bad-faith conduct." *Hill v. Walmart Inc.*, 32 F.4th 811, 817 (9th Cir. 2022); 8 C.C.R. § 13520.[2] As mentioned above, the record here is ambiguous and could easily support a reasonable jury's finding for Home Depot. There is no evidence that Home Depot knowingly set up its staffing structure so as to effectively force employees who were classified as exempt to do primarily non-exempt work, and no evidence that Home Depot is asserting its defense without a reasonable basis for believing in its validity.

**Equitable tolling.** Because Home Depot prevails on good faith, the Court need not reach its argument that Loveland's wage statement claim is barred by the one-year statute of limitations in Section 226. However, if the Court had to decide this issue, Home Depot would win, because even accepting Loveland's argument about equitable tolling, Loveland's wage statement claim would be time-barred. Without equitable tolling, the limitations period would expire on May 16, 2024, a year after Loveland was terminated. The parties agree that a tolling period of 65 days would apply if the Court were to conclude equitable tolling was appropriate. Thus, the limitations period would expire on July 20, 2024. Loveland filed this case on July 25, 2024.

**UCL.** Finally, Home Depot argues that Loveland's UCL claim should be dismissed because she has an adequate remedy at law. *See Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 844 (9th Cir. 2020). Loveland asserts *Sonner* doesn't apply to removed cases. That's not correct. Although *Sonner*'s adequate-remedy-at-law rule applies to both removed cases and

---

[2] Loveland asserts that the good-faith defense applies narrowly to waiting time penalties. Although Loveland is correct that Section 13520 only refers to waiting time penalties, the California Supreme Court has extended the good-faith defense to wage statement penalties as well. *See Naranjo v. Spectrum Security Services, Inc.*, 15 Cal. 5th 1056, 1065 (2024).

cases initiated in federal court, if a district court finds it does not have "equitable jurisdiction" over a removed case, it can remand that case to state court, whereas it has no choice but to dismiss a case initiated in federal court, albeit without prejudice to refiling in state court. *See Ruiz v. Bradford Exchange, Ltd.*, 153 F.4th 907, 912–14 (9th Cir. 2025); *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). But unlike *Ruiz* and *Guzman*, this lawsuit does not include merely equitable claims over which the Court lacks equitable jurisdiction; it includes both legal and equitable claims. The Court is unsure whether it has the authority to sever and remand a single claim, as opposed to remanding a lawsuit, which is typically what occurs. Some courts have done this, while other courts have questioned it. *Compare Hendrickson v. Wal-Mart Associates, Inc.*, 2024 WL 4896586, at *4 (S.D. Cal. Nov. 26, 2024), *with Hunter v. FCA US LLC*, 2023 WL 4828013, at *3–*4 (N.D. Cal. July 27, 2023). The parties (particularly Loveland) have not adequately discussed this issue, so in an abundance of caution, the UCL claim is dismissed without prejudice to refiling it in state court. Obviously, it would not be appropriate for Home Depot to remove any UCL case refiled in state court, because the federal court would not have equitable jurisdiction over it.

**IT IS SO ORDERED.**

Dated: December 10, 2025

VINCE CHHABRIA
United States District Judge